UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOHNNY W. WOODS, ET AL          CIVIL ACTION NO. 05-2048

VERSUS                          U.S. DISTRICT JUDGE DEE D. DRELL

REYNOLDS INDUSTRIAL             U.S. MAGISTRATE JUDGE JAMES D. KIRK
          CONTRACTORS, ET AL


REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. #12,** referred to me for report and recommendation. This is a suit for damages as the result of an on the job injury. Plaintiff filed suit in state court alleging that he was exposed to asbestos during a demolition job in which, due to the gross negligence of his supervisor, he was "instructed" to continue working even after the employer, Reynolds Industrial Contractors, Inc. (Reynolds) had been notified by plaintiff of the danger.

Defendant, Calumet Lubricants Co. (Calumet) removed the case to this court on the basis of complete diversity. In response to plaintiffs' motion to remand, defendant argues that plaintiff's employer, co-defendant Reynolds, was improperly joined because, under Louisiana law, an employee may not sue his employer in tort. Plaintiff counters that the intentional act exception to the exclusive remedy provisions of Louisiana's workers compensation laws is applicable and thus diversity is destroyed and the case should be remanded.

<u>Analysis</u>

The Louisiana Supreme Court has explained that "[g]enerally, any action by a worker against his employer for injuries suffered during the course and scope of employment would be exclusively through the Workers Compensation Act, La. R.S. 23:1032, which provides immunity from civil liability in favor of an employer. It is well settled that under the provisions of La. R.S. 23: 1032, a worker is ordinarily limited to recovering workers' compensation benefits rather than tort damages for these injuries. However, Sec. 1032(B) provides an exception to this exclusivity when a worker is injured as a result of an employer's intentional act. <u>White v. Monsanto Company</u>, 585 So.2d 1205 (La. 1991)...". <u>Cole v. State of Louisiana</u>, 825 So.2d 1134 (La. 2002).

The Supreme Court explained in <u>Reeves v. Structural Preservation Systems</u>, 731 So.2d 208 (La. 1999) that an "'intentional act' means the same as 'intentional tort' in reference to civil liability." The meaning of intent in this context is that the actor either consciously desires the physical result of his act, or knows that the result is substantially certain to follow. The exception has been narrowly construed by Louisiana courts. Violations of safety standards or the failure to provide safety equipment is generally not considered to be intentional acts in the absence of evidence of intent.

In this case, plaintiff did not allege in his complaint that

the employer either desired the consequences of his act or knew the result was substantially certain to follow. Instead, he alleged only that the acts constituted "gross negligence" and that the supervisor "instructed" plaintiff to continue working in the face of his complaint about the asbestos. The fact of an employer "instructing" an employee has been held not to be enough to constitute the intent necessary to create an intentional act. <u>Reeves</u>, supra.

The allegations and proof as to intent in this case are insufficient to meet the test of an intentional act.

There is no possibility plaintiff can establish a cause of action against his employer, Reynolds, under the facts of this case.[1] Therefore, Reynolds is improperly joined and its presence may be ignored for purposes of determining diversity jurisdiction. Complete diversity exists between plaintiffs and Calumet and jurisdiction is proper in this court.

For the foregoing reasons, IT IS RECOMMENDED that the motion to remand, Document #12 be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written

---

[1] The parties were provided an opportunity to engage in limited discovery on the remand issues but apparently declined to do so.

objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

E-signed and filed at Alexandria, Louisiana this 21st day of April, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4